Mr. justice Co lcock
delivered the opinion of the court.
In deciding on the grounds for a new trial, the ground for a nonsuit will necessarily be determined on.
In the argument below, it was contended that the decree and proceedings in the court of equity, ought not to be given in evidence, because the defendant was not a" party to them ; and the general doctrine that judgments cannot bo given in evidence, except between parties and privies, was relied on. As to this form of objection the law is clear, upon any collateral matter, any judgment or decree may be introduced. All that is meant by the rule is that the rights of a party cannot be determined on conclusively, uuless he be a party, (Phillips 220. Gilbert 54. Bulle. N. P. 244. 2 Espinasse 457.)
*497 It’ this had been a title from a sheriff, it would have been necessary to introduce the judgment and execution against the debtor, under which the sheriff sold. The same objections nearly have been made to that, and it may have been said the defendant was not a party to that. Any further observation on this point is certainly unnecessary.
But it was also intended on that occasion, as it now is, that the proceedings should not have been admitted, because Dewees was not a party to the bill. But that objection is equally unsubstantial. The court of equity having jurisdiction in the matter, determined that the title should be made by Delozeair ; in other words determined that the letter of Dezvees was sufficient to authorize the sale of the land and consequently the making of titles.
This decision affected none of the rights of the defendant. And it is not for him, a stranger, to complain that justice has not been done to Dezvees, Whether Dezvees ought to have been a party, and whether he was considered as a party, are not for this court to decide. The judgment of the court of equity is conclusive, that Delozeair had authority to convey.
It was said the hand writing of Dewees to the letter, should have been proved. In the case put of a deduction of title, through a sale by the sheriff, when the judgment under which he acted was produced, could the defendant be permitted to say that the band writing to the note on which the judgment was founded, had not been proved and ought then to be proved ? Certainly not. There is no possible view which can be taken of the effect and operation of this decree of the'court of equity, in which it will appear that the rights of the defendant have been affected; nor indeed was this ever alledged on the part of the defendant. Where then is the ground of objection ? Ii the land was Dezvee’s, the right is transferred ; if not, the decree avails nothing; and the defendant may prove to whom it does belong. To shew that Dezvees-may by posibility have been injured, is certainly not suffi-•d-mtio destrov the effect of the decree. The case bear-:. *498 a strong analogy to the case of Hall and Carruth, decided a few days ago, and to all that class of cases in which lands are sold for partition, and a title made pro forma. (See 4 Wheatons Rep. 220.) But if it were important it appears from the subject before the court, that it was wholly unnecessary that Dezvees should have been made a party to the bill.
Gregg, for the motion.
Stark, contra.
The motion is dismissed.
Justices Nott, Huger, Gantt and Richardson, concurred,